## CRARY *vs.* CARRADINE & NEWMAN.

Where the verdict is sustained by two unimpeachable witnesses, though their testimony is contradicted by one other witness, a new trial will not be granted.

When an account for goods, with interest charged at 8 per cent., has been presented to the defendant, and he has admitted it to be correct, and promised to pay it, a verdict and judgment for the *whole* account, principal and interest, with legal interest on both from the promise, is just, and will not be disturbed.

If a verdict is by mistake, and endorsed by the jury on a wrong paper, it may be transferred to the proper paper, and signed by the foreman, after the jury is discharged, and when they are not all present.

Exhibits and papers referred to in a deposition, cannot be read, unless they are attached to the deposition, and inclosed in it.

THIS was an action of assumpsit, tried in Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. Carradine & Newman sued John W. Crary, on an account for goods, &c., sold, amounting to $111 44 cents, with interest calculated at eight per centum per annum, up to the 15th of June, 1841, amounting, together, to $132 70, contracted in Natchez, Mississippi. There was also a suit pending in the same court, in assumpsit, by the same plaintiffs, against Oliver B. Crary, brother of John W. Crary, on an account for goods sold, for $227 96, and interest a 8 per cent. to June 15, 1841, amounting, together, to $297 03 cents, also contracted in Natchez.

The defendant pleaded the general issue, and that, on the 15th day of June, 1841, he accounted with the plaintiffs, and was found in-

debted in the sum of $143 70, and for that sum, and $297 03, together, executed the following bond: "For value received, Little Rock, Arkansas, 15th June, 1841, we, John W. Crary, as principal, and Oliver B. Crary, as security, promise to pay to Carradine & Newman, or order, six months after date, four hundred and thirty-three dollars and seventy-three cents, with interest from date until paid: as witness our hands and seals;" signed by J. W. Crary alone, which was accepted in satisfaction. On these pleas, issues were formed. The jury found for the plaintiffs $146 39, for which judgment was entered.

It was proven conclusively, by two witnesses, one of them the plaintiffs' attorney, that the two accounts were admitted to be correct, by both the Crarys, on the 15th of June, 1841; and it was agreed that, for the amount of the two, the bond above recited should be executed by *both* the Crarys, but that, after John W. Crary had signed the bond, Oliver B. Crary refused to do it, and so it was never accepted in satisfaction. Oliver B. Crary's testimony, which was taken and read, conflicted with this evidence. Certain exhibits were referred to, in Oliver B. Crary's deposition, but were not annexed to, or enclosed with, it, and were not allowed to be read. The bond was produced, and cancelled, on the trial. When the jury returned their verdict into Court, it was endorsed on the declaration against Oliver B. Crary, and was transferred to the proper declaration, and signed by the foreman, after the jury were discharged, and when they were not all present, it being notorious to which case it belonged.

The defendant moved in arrest of judgment, and for a new trial, for the transferring of the verdict, excess on interest allowed, the refusal to permit the exhibits to be read, and because the verdict was contrary to the evidence. Motions overruled, and writ of error. The bill of exceptions, taken after the motions in arrest and for a new trial were overruled, and which set out the evidence, states, that the exceptions were taken when the motions were overruled, (the bill of exceptions being signed on a subsequent day), but the *record* is silent as to this.

*W. & E. Cummins*, for the plaintiffs.

The exhibits were not closed up with the deposition, but the de-

fendant offered to prove, by competent testimony, their identity and safe custody since they had been shown to the witness, when the deposition was taken. Without the exhibits, the deposition did not appear to have any connection with the cause. The defendant lost the benefit of the whole, by the exclusion of the exhibits. This was clearly erroneous.

The plaintiffs showed no joint right to sue. The verdict was for too much. The legal rate of interest is the true measure of damage for the detention or non-payment of money. See *Chap.* 80, *Rev. St.; Newall vs. Griswold,* 6 *J. R.* 45; *Kane & Kane vs. Smith et al.,* 12 *J. R.* 156; *Coffin vs. Coffin,* 4 *Mass. Rep.* 1; *Boyden vs. More,* 5 *Mass. Rep.* 315.

The Court cannot regard any verdict but one publicly delivered before the Court, by the whole jury. *Root vs. Sherwood,* 6 *J. R.* 68. *Blackly vs. Sheldon,* 7 *J. R.* 32. 3 *J. R.* 255. Where the name of either party is mistaken in the venire, although the jury find a verdict in the proper cause, the verdict will be set aside. 2 *Tidd's Practice,* 837. In this case, the Court gave judgment on the verdict of only part of the jury.

The witnesses on the part of the plaintiffs below, were interested in the event of the suit, and should have been excluded. *Turner vs. Pearte,* 1 *T. R.* 717. *Longworth vs. Fox,* 2 *Bay.* 521.

The admissions of the defendant were made to an ineffecual treaty for compromise, and were not sufficient to charge him. *Waldridge vs. Kennison,* 1 *Esp. Rep.* 143. *Gregory vs. Howard,* 3 *Esp. Rep.* 113. *B. N. P.* 236. *Hartford B. Com. vs. Granger,* 4 *Con. Rep.* 148. *Fuller vs. Hampton,* 5 *Con. Rep.* 417. 2 *Pick. Rep.* 290. *Gerrish vs. Sweetzer,* 4 *Pick. Rep.* 374. *Detogny vs. Rentone,* 2 *Martin's Rep.* 175.

*Ashley & Watkins,* contra.

We remark, that a motion for a new trial is addressed to the sound legal discretion of the Court, and the authorities are contradictory, whether the overruling of such a motion is ground of error. A motion for a new trial is a waiver of all exceptions, in matters of law, at the trial, and which might be available in arrest of judgment, or on writ

of error; and the Supreme Court will not reverse a judgment in a case where a new trial has been refused, unless the party has excepted to the opinion of the Court overruling his motion for a new trial, and, by spreading out the whole evidence and instructions in his bill of exceptions, shows a case of injustice, and that the Court, in overruling his motion for a new trial, did not exercise a sound legal discretion. *Danley vs. Robbins' heirs*, 3 *Ark.* 141.

It does not appear, from the record, that the defendant ever excepted to the opinion of the Court overruling his motion for a new trial, or that he ever filed any bill of exceptions. Such a paper could not have been filed in vacation; and, if filed in term time, it forms no part of the record, unless an entry of the filing be made on the minutes. *Rev. St., p.* 627, *sec.* 51. *McDonald vs. Faulkner*, 2 *Ark.* 472.

The debt was contracted in Mississippi, where the legal rate of interest is 8 per cent. The account was stated at 8 per cent., which the defendant acknowledged to be correct, and was to have given his note for that amount, with interest as stated, up to the 15th June, 1841, including the account against Oliver B. Crary, with security. All the jury did was to find the amount of the account as so stated and acknowledged to be due on the 15th June, 1841, with interest from that time to the finding of the verdict. This they had a right to do, by law; and, under the circumstances of the case, they could not have done less. 2 *Tidd's Practice*, 897. 1 *Caines' Rep.* 391, *note a*. *Stafford vs. Green*, 1 *J. R.* 505. 11 *J. R.* 96. 15 *J. R.* 318. 2 *John. Cases*, 17. See also *Rev. St. Ark., title Practice at Law, sec.* 118, 119.

There is no provision of law which requires that a general verdict, should be delivered in writing, so it be pronounced in court, and recorded, or which requires a verdict to be written on the declaration, or any other paper belonging to the cause. If the plaintiff in error wished to avail himself of this ground, in his motion for a new trial, he should have fortified with an affidavit that the jury were mistaken in their verdict, or that he had been prejudiced by the act.

The Court properly refused to permit certain papers to be read as exhibits, referred to in the defendant's deposition, because the exhibits, referred to by the witness, had not been sealed up with his deposition.

See *Rev. St. Ark.* 327, sec. 18. In this respect, the utmost strictness is required. *Beall vs. Thompson et al.*, 8 *Cranch*, 70.

*By the Court*, DICKINSON, J.

We see no error in the proceedings of the Court below. The new trial was properly refused; the finding of the jury was warranted by the evidence; the Court acted regularly and properly in directing that the verdict be changed from the declaration upon which it was entered, through mistake, to that where it properly and rightfully belonged. The fact that some of the jury had retired before this was done, is wholly immaterial. It is the duty and right of the Court, to see that the records are properly kept, and to direct its clerk to take the necessary steps for this purpose. The remaining point, which seems to be most relied on, is, that the Court below excluded the exhibits that were not attached to the depositions. The act of the Legislature is imperative upon the subject. It requires all depositions and exhibits, together with the commission and interrogatories, to be closed, sealed up, and directed to the Court where the action is pending. From some cause or other, the exhibits became detached from the depositions; and, as the act only made them evidence in the cause upon the performance of the foregoing pre-requisite, the Court properly excluded them upon the trial. *Rev. St., Chap.* 48, *sec.* 18.

Judgment affirmed.